MEMORANDUM **
In No. 06-74012, Audencio Edgar Roblero, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his applications for asylum, •withholding of removal, relief under the Convention Against Torture (“CAT”), and cancellation of removal. In No. 08-72710, Roblero petitions for review of the BIA’s order denying his motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005). We deny in part and dismiss in part the petitions for review.
Assuming Roblero’s evidence to be credible, the agency determined that Roblero failed to establish that he suffered or fears *851 persecution on account of a protected ground. The record does not compel a contrary result. See Tecun-Florian v. INS, 207 F.3d 1107, 1109-10 (9th Cir.2000). Accordingly, substantial evidence supports the agency’s denial of Roblero’s asylum and withholding of removal claims. See Ramos-Lopez v. Holder, 563 F.3d 855, 862 (9th Cir.2009). Substantial evidence also supports the agency’s determination that Roblero failed to establish eligibility for CAT relief. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
We lack jurisdiction to review the agency’s discretionary determination that Roblero failed to show the hardship to a qualifying relative required for cancellation of removal. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). Roblero’s contention that the agency failed to consider his evidence of hardship in the aggregate does not present a colorable claim. See id.
We agree with the BIA’s conclusion that Roblero failed to establish that former counsel’s representation resulted in prejudice, and thus Roblero’s claim of ineffective assistance of counsel fails. See Mohammed, 400 F.3d at 793-94.
To the extent Roblero challenges the BIA’s decision to not exercise its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a), we lack jurisdiction. See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9di Cir. R. 36-3.